J-S43037-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY MAZE | : | |
| | : | |
| Appellant | : | No. 36 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000266-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY MAZE | : | |
| | : | |
| Appellant | : | No. 37 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000599-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY MAZE | : | |
| | : | |
| Appellant | : | No. 38 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000600-2014

J-S43037-20

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                        FILED OCTOBER 16, 2020

Appellant, Larry Maze, appeals from the judgments of sentence entered in the Jefferson County Court of Common Pleas, following his jury trial convictions at docket No. CP-33-CR-0000266-2014 for 12 counts of solicitation and one count each of corruption of minors, unlawful contact with minors, and indecent assault (person less than 13 years of age);[1] at docket No. CP-33-CR-0000599-2014 for corruption of minors, unlawful contact with minors, three counts of indecent assault (person less than 16 years of age), and two counts of attempted indecent assault;[2] and at docket No. CP-33-CR-0000600-2014 for corruption of minors, unlawful contact with minors, and four counts each of indecent assault (person less than 13 years of age) and attempted indecent assault.[3] We affirm.

The relevant facts and procedural history of this case are as follows. On June 16, 2015, a jury convicted Appellant of the above-mentioned crimes, in connection with his sexual assault of three minor victims, who were his daughter's friends/acquaintances. Appellant's conduct included groping and

_____

[1] 18 Pa.C.S.A. §§ 902; 6301(a)(1)(ii); 6318(a)(1); and 3126(a)(7), respectively.

[2] 18 Pa.C.S.A. §§ 6301(a)(1)(ii); 6318(a)(1); 3126(a)(8); and 901, respectively.

[3] 18 Pa.C.S.A. §§ 6301(a)(1)(ii); 6318(a)(1); 3126(a)(7); and 901, respectively.

- 2 -

similar forms of molestation, as well as solicitation over social media for sexual contact with one of the minors. The court sentenced Appellant on May 3, 2016, to an aggregate term of 86 to 270 years' imprisonment. Appellant was also designated a sexually violent predator ("SVP"). On November 20, 2017, this Court affirmed Appellant's convictions but sua sponte vacated Appellant's SVP designation under Commonwealth v. Butler, 173 A.3d 1212 (Pa.Super. 2017) ("Butler I").[4] See Commonwealth v. Maze, 181 A.3d 431 (Pa.Super. 2017) (unpublished memorandum).

On November 13, 2018, Appellant timely filed a petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his post-sentence motion and direct appeal rights nunc pro tunc. Appellant alleged appellate counsel was ineffective for failing to preserve on appeal Appellant's challenges to the discretionary aspects of his sentence. On August 19, 2019, the PCRA court reinstated Appellant's post-sentence and direct appeal rights nunc pro tunc. The court gave Appellant until September 30, 2019, to file a timely post-sentence motion nunc pro tunc.

Appellant subsequently filed a timely post-sentence motion challenging the discretionary aspects of his sentence. Appellant also sought resentencing because he alleged the trial court had considered Appellant's SVP designation in rendering the original sentence. As this Court had since vacated that

_____

[4] On March 26, 2020, our Supreme Court reversed Butler I. See Commonwealth v. Butler, ___ Pa. ___, 226 A.3d 972 (2020) ("Butler II").

- 3 -

designation, Appellant claimed he was entitled to a new sentencing hearing. As well, Appellant highlighted an incorrect offense gravity score ("OGS") regarding Appellant's F-1 solicitation crimes that had been included in the pre-sentence investigation ("PSI") report, which the trial court had relied on when imposing sentence. On September 20, 2019, the trial court granted relief, vacated the original sentence, and scheduled a resentencing hearing.

Appellant proceeded to the resentencing hearing on December 18, 2019. At the beginning of the resentencing hearing, the parties acknowledged that the court had granted relief so it could impose a new sentence without consideration of Appellant's former SVP designation/predatory behavior, and to fix the incorrect OGS on the original PSI report. The parties agreed that the amended PSI report contained the correct OGS regarding Appellant's solicitation crimes. The court indicated that it had reviewed the PSI report, considered Appellant's age, background, prior record, and every part of the trial record. The court also highlighted the age of the victims, the fact that Appellant was in a position of trust over the three victims, which he violated, and that he presented a danger to young children of the community. (See N.T. Resentencing Hearing, 12/18/19, at 10-11). The court indicated it would impose standard range sentences for each crime, but would impose the sentences consecutively to reflect that each of Appellant's offenses constituted a separate act and intent by Appellant. Thus, the court resentenced Appellant to an aggregate term of 72.5 to 208 years' imprisonment.

On Monday, December 30, 2019, Appellant timely filed a post-sentence motion, which the court denied the next day. Appellant timely filed a notice of appeal at each underlying docket on January 3, 2020.[5] On January 6, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on January 10, 2020.

Appellant raises one issue for our review:

> Did the trial court abuse its discretion in entering its May 3, 2016, sentencing orders in the within consolidated cases?

(Appellant's Brief at 3).

Appellant argues the sentence imposed at resentencing is a product of bias, prejudice, partiality and ill-will toward Appellant. Appellant bases this claim on a statement in the trial court's Rule 1925(a) opinion that preceded his direct appeal, in which Appellant claims the trial court admitted its disdain for Appellant. Based on this "admission," Appellant insists the trial court's disdain for Appellant must have carried through from the original sentence to the resentence. Appellant emphasizes that at resentencing, all of the minimum sentences for Appellant's crimes remained the same as in the original sentence, except for those F-1 solicitation offenses which required correction due to the original improper OGS. Appellant maintains that the court's demonstrated contempt for Appellant compromised the court's ability

_____

[5] This Court consolidated the appeals sua sponte.

to fairly resentence him. Appellant concludes the court abused its sentencing discretion, and this Court must vacate and remand for resentencing before another jurist. We disagree.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. Commonwealth v. Hunter, 768 A.2d 1136 (Pa.Super. 2001), appeal denied, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa.Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

What constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Sierra, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted). In other words, an appellant's Rule 2119(f) statement must sufficiently articulate

the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. Commonwealth v. Mouzon, 571 Pa. 419, 812 A.2d 617 (2002).

On appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. Commonwealth v. Fullin, 892 A.2d 843 (Pa.Super. 2006).

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, ...: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.
>
> *    *    *

> [W]e reaffirm that the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence. ...

Commonwealth v. Walls, 592 Pa. 557, 564-70, 926 A.2d 957, 961-65 (2007) (internal quotation marks, footnotes, and citations omitted).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." Id. See also Commonwealth v. Fowler, 893 A.2d 758 (Pa.Super. 2006) (stating where court had benefit of PSI report, we can presume it was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors).

Instantly, Appellant timely filed a notice of appeal, and preserved his sentencing claim in a timely filed post-sentence motion and in a Rule 2119(f) statement. See Evans, supra. Additionally, Appellant's claim of bias raises a substantial question. See Commonwealth v. Corley, 31 A.3d 293 (Pa.Super. 2011) (stating allegation of bias in sentencing implicates

fundamental norms underlying sentencing and raises substantial question for appellate review). Thus, we will review the merits of Appellant's sentencing claim.[6]

Here, Appellant's challenge hinges on his contention that the court admitted its disdain for Appellant in its Rule 1925(a) opinion preceding Appellant's direct appeal. In that opinion, the trial court stated:

> The [c]ourt likewise did not abuse its discretion as the sentencing authority in this case.
>
> Attempting to minimize his culpability, [Appellant] claims that the absence of penetration and the limited nature of physical contact between him and his victims made his overall sentence excessive. He also contends that it was "obviously emotionally-charged due to the [c]ourt's disdain for [Appellant] and due to the fact that [Appellant], who has no criminal record for the past 19 years and never any sex offenses of any kind, maintained his innocence both at trial

_____

[6] Appellant also alleges that the court must have been biased against Appellant because the court was aware of other sexual allegations against Appellant, unrelated to the charges in this case. Appellant did not preserve this particular claim at resentencing or in his post-sentence motion following resentencing, so it is waived. See Commonwealth v. Griffin, 65 A.3d 932 (Pa.Super. 2013), appeal denied, 621 Pa. 682, 76 A.3d 538 (2013) (stating objections to discretionary aspects of sentence are generally waived if they are not raised at sentencing hearing or in timely-filed post-sentence motion). Likewise, to the extent Appellant complains on appeal that the court improperly calculated any of the OGS' for Appellant's crimes at the resentencing hearing, that claim is waived for failing to preserve it at resentencing or in his post-sentence motion following resentencing. See id. See also Commonwealth v. Archer, 722 A.2d 203 (Pa.Super. 1998) (en banc) (holding improper calculation of OGS affects outcome of sentencing recommendations, resulting in improper recommendation, thereby compromising fundamental norms which underlie sentencing process; thus, any misapplication of sentencing guidelines constitutes challenge to discretionary aspects of sentencing; expressly overruling prior cases that stood for proposition that claim concerning OGS implicated legality of sentence).

and at sentencing." The record does substantiate these claims.

Because sentencing is a matter vested in the sound discretion of the sentencing judge, a sentence will not be disturbed absent a manifest abuse of discretion. A mere error in judgment does not establish an abuse of discretion, though. Rather, a defendant making such a claim must demonstrate, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill-will, or made a manifestly unreasonable decision. The same is true when a defendant challenges a court's decision to run his sentences consecutive to one another. [Appellant] here cannot show any such abuse.

As the record reflects, the [c]ourt was in possession and had considered the contents of the [PSI] report. It was thus aware of all relevant information regarding [Appellant's] character. It also presided over the trial and was well aware that [Appellant] was continuing to maintain his innocence. The jury conclusively rejected that defense, though, and for good reason. In light of the verdict and the evidence firmly underlying it, therefore, the [c]ourt did not deem [Appellant's] persistent claim of innocence to carry any weight.

Nor was the [c]ourt inclined to mitigate the sentence simply because [Appellant] did not achieve penetration, particularly when lack of opportunity was the only reason. In that regard, he attempted twice to touch C.L.'s vaginal area while they were in the car together, and twice to remove her pants while she was in bed. It was only because C.L. was brave enough to say "no" that [Appellant] did not follow through with his clear purposes. He also tried to put his hands down S.K.'s pants, and went so far as to proposition B.P., asking if he could "lick it" and whether she would go back to his bedroom and let him "f---" her. ...C.L., S.K. and B.P. rejected [Appellant's] advances, but there was no reason for the [c]ourt to believe that he would not have gone farther had his victims allowed.

Although it did not specifically speak to his claim of innocence, lack of penetration, or absence of a recent

> criminal record, moreover, the [c]ourt articulated more generally in open court why it was deviating in some respects from the presentence investigator's recommendation and imposing the sentence it did. Its reasons did not evidence an abuse of discretion.
>
> Because the record belies [Appellant's] claims that the [c]ourt abused its sentencing discretion..., the judgment of sentence should be affirmed.

(Rule 1925(a) Opinion, filed 1/25/17, at 2-3) (internal citations omitted) (emphasis added).

Read in context, it is clear the court's statement (bolded above) contains a typographical error and that the court intended to state: "The record does not substantiate these claims." As Appellant's allegation of bias stems from his misinterpretation of the trial court's opinion, Appellant's sentencing challenge merits no relief. Moreover, at resentencing, the court highlighted the age of the victims, the fact that Appellant was in a position of trust over the three victims, which he violated, and that he presented a danger to young children of the community. (See N.T. Resentencing Hearing, 12/18/19, at 10-11). The court also considered the original and amended PSI reports. Under these circumstances, the record confirms the court considered the Section 9721(b) sentencing factors, and we see no reason to disrupt the court's broad sentencing discretion. See 42 Pa.C.S.A. § 9721(b); Walls, supra; Fullin, supra. Accordingly, we affirm.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/16/2020</u>